**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHAUNCEY POPE, | : |
| Plaintiffs, | : CIVIL ACTION NO: |
| | : 1:13-CV-01848-JOF |
| vs. | : |
| THE CITY OF ATLANTA, *et al.*, | : |
| Defendants. | : |

**CITY OF ATLANTA'S MOTION TO DISMISS AND INCORPORATED BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW Defendant City of Atlanta and files its Motion to Dismiss and Incorporated Brief in Support of Motion to Dismiss.

### I.   STATEMENT OF THE CASE

Plaintiff Chauncey Pope ("Plaintiff") has brought suit against the City of Atlanta and APD Officers James Cunningham, Li Wong, Paul Merritt and Brandon Hamberger ("Defendant Officers"), pursuant to 42 U.S.C. Section 1983. Specifically, Plaintiff alleges that the Defendant Officers used excessive force during his arrest. Plaintiff further allege that the City of Atlanta had a policy and practice that "condoned overly aggressive policing – even at the expense of violating constitutional rights – by SWAT team members and other officers

involved in high-risk law enforcement activity . . . ."[1] However, Plaintiff's claim against the City of Atlanta, which is solely based on the City's internal investigation of the instant case, is entirely without merit and thus must be dismissed.

## II.   STATEMENT OF FACTS

Plaintiff's case has its genesis in an incident occurring on June 15, 2011.[2] On that date, Plaintiff contends he "was visiting a house at 551 Sunset Avenue, NW in Atlanta, Georgia when Defendants Officers and other police officers arrived to execute a search warrant."[3] Plaintiff claims that because he did not hear anyone say "police" or "search warrant," he and a friend hid in an attic crawl space.[4]

Plaintiff claims that while in the crawl space, the officers shouted for him to get out and show his hands.[5] Then Plaintiff states that the officers located him and placed him in handcuffs.[6] Plaintiff states that after being handcuffed, Cunningham

---

[1] *Complaint,* at ¶38.
[2] *Id.* at ¶12.
[3] *Id.*, ¶13.
[4] *Id.*, ¶15.
[5] *Id.*, ¶18.
[6] *Id.*, ¶19.

struck him in the left eye and "put the eye out" with what Plaintiff "believes" was the butt of a gun or a similarly hard object.[7]

After the incident, the Atlanta Police Department internal affairs investigated what transpired. In reviewing the investigation, Plaintiff takes issue with the an internal affairs memo, which stated that "Cunningham struck Pope in the face 'due to his gas mask being knocked off by Mr. Pope who was failing to comply with commands.'" [8] However Plaintiff admits that the parties disagree on what caused his injuries - i.e., whether Plaintiff's injuries were inadvertently caused by Cunningham's gas mask being knocked off by Pope or from a strike with a gun as Plaintiff "believes." Nonetheless, Plaintiff challenges the merits of the internal affair's determination that no corroborating evidence existed to support Plaintiff's claim as to what he was struck with as well as its decision not to discuss "whether alleged noncompliance with commands is justification for a blow to the head."[9]

---

[7] *Id.*, ¶¶20, 21.
[8] *Id.*, ¶28.
[9] *Id.*, ¶¶28, 29.

### III.     ARGUMENT AND CITATION OF AUTHORITY

#### A. Standard

A motion to dismiss for failure to state a claim should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[10]  Dismissal is also proper if the allegations indicate the existence of an affirmative defense or other bar to relief. [11] "[A] complaint may be dismissed under Rule 12(b)(6) when its own allegations reveal the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint."[12]

#### B. The City of Atlanta is Entitled to Summary Judgment As to Plaintiffs' Federal Claims.

Plaintiffs seek to hold the City of Atlanta liable for the actions of the officers.  First, in *City of Los Angeles v. Heller*, the United States Supreme Court made clear that if there is no constitutional violation, there can be no liability on the part of the individual officer or the governmental body.[13]  Second, in this circuit, the courts have held that in a Section 1983 case against a municipality, the

---

[10] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)
[11] *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *adhered to en banc*, 764 F.2d 1400 (11th Cir. 1985).
[12] *Id.*
[13] 475 U.S. 796 (1986); see also *Vinyard v. County of Murray*, 990 F .2d 1207, 1211 (11th Cir. 1993).

4

court must find a violation of a constitutional right prior to finding municipal liability.[14] A *priori,* if this court finds that the Defendant Officers did not violate the Plaintiff's constitutional rights, then Defendant City of Atlanta is not liable.

However, even assuming the Defendant Officers violated the Plaintiff's constitutional rights, a municipal government may only be held liable under 42 U.S.C. Section 1983 where an official policy or custom causes the alleged constitutional injury.[15] A municipality may not be held liable on a theory of *respondeat superior*.[16] Municipal entities cannot be held liable simply for employing an alleged tortfeasor.[17] Instead, liability can only be imposed for injuries inflicted pursuant to an official "policy or custom" of the municipality.[18]

"Where a Plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held

---

[14] *Wyke v. Polk County School Board*, 129 F.3d 560, 568-69 (11th Cir. 1997); *Rooney v. Wilson*, 101 F.3d 1378, 1381 (11th Cir. 1996); *Skinner v. City of Miami*, 62 F.3d 344, 348 (11th Cir. 1995).
[15] *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).
[16] *Id.* at 691.
[17] *Board of County Commissioners of Bryan County, Okla. V. Brown*, 520 U.S. 397 (1997).
[18] *Monell*, 436 U.S. at 694.

liable solely for the actions of its employee."[19] Where it is claimed that an employee was encouraged to act unlawfully by his or her recognition that the municipality would not act to stop such conduct, it must be shown that the municipality continued to adhere to an approach that it knew or should have known had failed to prevent tortuous conduct in the past and was likely to result in such conduct in the future.[20]  The municipality must have acted with deliberate indifference to the known or obvious consequences.[21]  Plaintiff has not satisfied this standard as to the municipal Defendant City of Atlanta.

In order to withstand a motion for summary judgment on the issue of municipal liability, Plaintiff must present facts from which a jury could find the existence of a policy, practice, or custom leading to a violation of their constitutional rights.[22]  Plaintiff must identify and produce evidence of (1) the existence of some policy, custom, or practice; (2) which is attributable to the municipality; (3) that was the moving force behind, and (4) a constitutional injury.[23]  Proof of a single incident of unconstitutional activity is not sufficient to

---

[19] *Brown*, 520 U.S. at 405.
[20] *Id.* at 407.
[21] *Id.*
[22] *Riley v. Newton*, 94 F.3d 632, 638 (11th Cir. 1996).
[23] *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

impose liability" against a municipality. [24] "A single incident would not be so pervasive as to be a custom,"[25] because a custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it."[26] This requirement of proof "prevents the imposition of liability based upon an isolated incident,"[27] and "'ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.'" [28] "In the absence of a series of constitutional violations from which deliberate indifference can be inferred, the plaintiff must show that the policy itself is unconstitutional."[29] Unless the policy itself is unconstitutional, considerably more proof than the single incident will be necessary in order to establish both the requisite fault on the part of the municipality and the casual connection between the policy and the alleged constitutional deprivation.[30]

---

[24] *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985).
[25] *Grech v. Clayton County*, 335 F.3d 1326, 1330 n.6 (11th Cir. 2003).
[26] *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991)
[27] *McDowell v. Brown* 392 F.3d 1283, 1290 (11th Cir. 2004).
[28] *Id.* (*quoting Bd. of Cnty. Comm'rs v Brown*, 520 U.S. 397, 403-04 (1997).
[29] *Estate of Novack ex rel. Turbin v. Cnty. of Wood*, 226 F.3d 525, 531 (7th Cir. 2000).
[30] *Tuttle*, 471 US at 823-824; *Pembauer v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *Williams v. City of Albany*, 936 F.2d 1256, 1261 (11th Cir. 1991).

A "policy" is a decision officially adopted by the municipality or created by an official of such rank that he or she is acting on behalf of the municipality.[31] "Policy" denotes a specific decision or set of decisions designed to carry out a chosen course of action.[32] A "custom", on the other hand, is a practice so well-settled and permanent that it takes on the force of law.[33] Where an official's acts are not the result of any formal or informal city policy or custom, but are random acts or isolated incidents, such acts are insufficient to establish municipal liability.[34]

Further, while a municipality may not have an unconstitutional policy, practice or custom, it may be also held liable under a ratification theory. However, "[f]or plaintiffs to state a successful § 1983 claim against a municipality based on a ratification theory, 'they must demonstrate that local government policymakers had an opportunity to review the subordinate's decision and agreed with both the decision and the decision's basis . . . .'"[35]

---

[31] *Pembauer*, 475 US 469 (1986).
[32] *Id.*, *See also City of Oklahoma City v. Tuttle*, 471 U.S. at 823.
[33] *Adickes v. S.H. Kress and Co.*, 398 U.S. 144 (1979); *Depew v. City of St.Mary's* 787 F.2d 1496 (11th Cir. 1986).
[34] *Anderson v. City of Atlanta*, 778 F.2d 678, 685 (11th Cir. 1985); *Depew v. City of St. Mary's*, 787 F.2d 1496, 1499 (11th Cir. 1986); *McMillian v. City of Lockmart*, 653 F.2d 907, 910 (5th Cir. 1981).
[35] *Garvie v. City of Fort Walton Beach*, 366 F.3d 1186, 1189 (11th Cir. 2004), citing *Thomas v. Roberts*, 261 F.3d 1160, 1175 n.12 (11th Cir. 2001), *vacated on*

In the case at bar, Plaintiff's case is impermissibly premised on a single incident: the internal affairs' post-incident investigation. However, the law is clear that a single incident cannot serve as the basis of Section 1983 as it is not sufficiently "pervasive" to constitute a "custom or practice" of the City of Atlanta. As such, Plaintiff's Section 1983 claims against the City of Atlanta fail as a matter of law as Plaintiff has not met the minimum threshold for proving the existence of a "custom or practice."

Further, even assuming Plaintiff had proof of more than a single incident, Plaintiff's Section 1983 claim against the City is still baseless as Plaintiff has not properly alleged a claim for deliberate indifference. In order to state a claim for deliberate indifference, Plaintiff must show that the City of Atlanta had notice of a problem and made a conscious choice not to take action.[36] Put simply, Plaintiff must show that the internal complaint had merit *and* "that more effective citizens' complaint procedures would have prevented his injuries."[37] Here, Plaintiff's claims only that the internal affairs investigation incorrectly concluded that insufficient evidence existed that the officers had violated any policies. In doing so, Plaintiff takes issue with the internal affairs conclusion that it could not

---

other grounds by, 536 U.S. 953(2002), *reinstated by* 323 F.3d 950 (11th Cir. 2003).
[36] *Gold v. Miami*, 151 F.3d 1346 (11th Cir. 1998).
[37] *Brooks v. Sheib*, 813 F.2d 1191, 1195 (11th Cir. 1987).

ascertain exactly what caused Plaintiff's injuries to his eye – i.e., whether they were inadvertently caused by Cunningham's gas mask being knocked off by Pope or from a strike with a gun.  However, Defendant City of Atlanta is at a loss as to how Plaintiff can challenge the internal affairs conclusion when Plaintiff himself does not know what caused his injuries.  Indeed, Plaintiff can only state how he "believes" his injuries were caused (i.e., by "the butt of a gun or a similarly hard object.")[38]  As such, Plaintiff's self-serving conclusory contention that the internal affairs investigation was flawed, such that the City's decision not to discipline the officers rose to the level of deliberate indifference, is entirely without merit.

Furthermore, Plaintiff's deliberate indifference claim is particularly without merit as Plaintiff's claim is not premised on an investigation that occurred *prior to* the subject incident, and therefore, cannot serve as sufficient notice to the City of Atlanta.  In *Gold v. Miami*, the Eleventh Circuit highlighted the importance of evidence of prior incidents.   The Court, while citing several other instances in which cases lacking evidence of a prior incident were dismissed, pointed out that:

> "This Court repeatedly has held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train or supervise.  For example, in *Wright v. Sheppard,* this Court held that a sheriff's department was not liable for a deputy's acts when 'no evidence of a history of widespread prior abuse… put the sheriff on notice of the need for

---

[38] Complaint, 21.

> improved training or supervision. Indeed, in *Church v. City of Huntsville*, this Court reversed a district Court's preliminary injunction against the City of Huntsville, holding that the plaintiffs were not likely to succeed on the merits of their failure-to-train claim without proof of a prior incident in which constitutional rights were similarly violated. More importantly, in *Brooks v. Sheib*, even though there had been ten citizen complaints about police officer Sheib, this Court held that the City did not have any notice f past police misconduct because the plaintiff 'never demonstrated that past complaints of police misconduct had any merit. . . ."[39]

The Court's mandate that a Plaintiff have evidence of a prior instance is consistent with the requirement that the alleged policy or practice be the "moving force" behind the alleged constitutional violation. Indeed, it stands to reason that an incident that occurred *after* an alleged constitutional violation cannot be the moving force behind the alleged constitutional violation. As such, Plaintiff's complaint against the City of Atlanta, premised solely on the post-incident investigation, fails as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, City of Atlanta requests that its Motion to Dismiss be GRANTED.

---

[39] *Gold* at 1351. [Citations Omitted].

## CERTIFICATION

Counsel for City of Atlanta certifies that this brief has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted, this 24th day of June, 2013.

//s// *Tamara N. Baines*
**ROBERT N. GODFREY**
Chief Counsel
Georgia Bar No. 298550
**TAMARA N. BAINES**
Sr. Assistant City Attorney
Georgia Bar No. 032460
**LASHAWN W. TERRY**
Assistant City Attorney
Georgia Bar No. 702578

City of Atlanta Law Department
City Hall Tower, Suite 4100
68 Mitchell Street, SW
Atlanta, GA 30303
(404) 330-6947 (telephone)
(404) 546-8366 (facsimile)
tbaines@atlantaga.gov

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHAUNCEY POPE, : | |
| : | |
| Plaintiffs, : | CIVIL ACTION NO: |
| : | 1:13-CV-01848-JOF |
| vs. : | |
| : | |
| THE CITY OF ATLANTA, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

### CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2013, I electronically filed a copy of the

**CITY OF ATLANTA'S MOTION TO DISMISS AND INCORPORATED BRIEF IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system.

//s// *Tamara N. Baines*
**TAMARA N. BAINES**
Sr. Assistant City Attorney
Georgia Bar No. 032460