# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHAUNCEY POPE, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION CASE NO: |
| ) | 1:13-CV-01848-JOF |
| v. ) | |
| ) | |
| THE CITY OF ATLANTA, ) | |
| JAMES CUNNINGHAM (a/k/a ) | |
| Jason Cunningham), LI WONG ) | |
| PAUL MERRITT and BRANDON ) | |
| HAMBERGER, ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW** Defendants Officer James Cunningham, Officer Li Wong, Officer Paul Merritt and Officer Brandon Hamberger (hereinafter "Defendant Officers") and file their Answer and Affirmative Defenses in the above-captioned matter as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant Officers assert that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

1

## SECOND AFFIRMATIVE DEFENSE

Defendant Officers assert that they took no action to deprive Plaintiff of any right, privilege, freedom or immunity secured by the Constitution and laws of the United States of America, the Constitution and laws of the State of Georgia, or the Charter and Code of Ordinances of the City of Atlanta.

## THIRD AFFIRMATIVE DEFENSE

Insofar as Plaintiff has been affected by the conduct of the Defendant Officers, said Defendant Officers' actions were reasonable, proper, and necessary under the circumstances and were taken in the good faith exercise of their duties and responsibilities imposed by law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's criminal conduct was the sole proximate cause of Plaintiffs' injuries.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Officers are entitled to qualified immunity from Plaintiff's federal law claims.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Officers are entitled to official immunity from Plaintiff's state law claims.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant Officers are not liable for punitive damages, nor are any such damages warranted in this case.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant Officers acted in self defense in protection of their own lives and other persons they are sworn to protect.

## INTRODUCTION

1.

Defendant Officers state that paragraph 1 contains a legal conclusion requiring no response by Defendant Officers.  To the extent that the legal recitations are intended to impute liability upon Defendant Officers, the same are denied.

## JURISDICTION AND VENUE

2.

Defendant Officers state that paragraph 2 contains a legal conclusion requiring no response by Defendant Officers.  To the extent that the legal recitations are intended to impute liability upon Defendant Officers, the same are denied.

3.

Defendant Officers admit the event giving rise to this claim occurred in Fulton County, Georgia, which is situated within the district and divisional boundaries of the Atlanta Division of the Northern District of Georgia. Defendant Officers further state that the remaining allegations contained in paragraph 3 contain legal conclusion requiring no response by Defendant Officers. To the extent that the legal recitations are intended to impute liability upon Defendant Officers, the same are denied.

4.

Defendant Officers state that paragraph 4 contains a legal conclusion requiring no response by Defendant Officers.

**PARTIES**

5.

Defendant Officers assert that Paragraph 5 contains no factual allegations against Defendant Officers; therefore, no response is required.

6.

Defendant Officers admit the allegations contained in Paragraph 6.

7.

Defendant Officers admit that Defendant James Cunningham is a sworn police officer of the City of Atlanta Police Department. Defendant Officers further

state that the remaining allegations contained in paragraph 7 contain a legal conclusion requiring no response by Defendant Officers. To the extent that the remaining legal recitations are intended to impute liability upon Defendant Officers, the same are denied.

8.

Defendant Officers admit that Defendant Li Wong is a sworn police officer of the City of Atlanta Police Department. Defendant Officers further state that the remaining allegations contained in paragraph 8 contain a legal conclusion requiring no response by Defendant Officers. To the extent that the remaining legal recitations are intended to impute liability upon Defendant Officers, the same are denied.

9.

Defendant Officers admit that Defendant Paul Merritt is a sworn police officer of the City of Atlanta Police Department. Defendant Officers further state that the remaining allegations contained in paragraph 9 contain a legal conclusion requiring no response by Defendant Officers. To the extent that the remaining legal recitations are intended to impute liability upon Defendant Officers, the same are denied.

10.

Defendant Officers admit that Defendant Brandon Hamberger is a sworn police officer of the City of Atlanta Police Department. Defendant Officers further state that the remaining allegations contained in paragraph 10 contain a legal conclusion requiring no response by Defendant Officers. To the extent that the remaining legal recitations are intended to impute liability upon Defendant Officers, the same are denied.

11.

Defendant Officers state that paragraph 11 contains a legal conclusion requiring no response by Defendant Officers. To the extent that the legal recitations are intended to impute liability upon Defendant Officers, the same are denied.

**FACTUAL ALLEGATIONS**

12.

Defendant Officers admit they were at 551 Sunset Avenue, NW in Atlanta Georgia on June 15, 2011 to execute a search warrant. Defendant Officers further assert that the remaining allegations in Paragraph 12 contain no factual allegations against Defendant Officers; therefore, no response is required.

13.

Defendant Officers assert that Paragraph 13 contains no factual allegations against Defendant Officers; therefore, no response is required. To the extent that Plaintiff seeks to impose or imply liability against Defendant Officers by asserting the allegations contained in Paragraph 13, the same are denied.

14.

Defendant Officers assert that Paragraph 14 contains no factual allegations against Defendant Officers; therefore, no response is required. To the extent that Plaintiff seeks to impose or imply liability against Defendant Officers by asserting the allegations contained in Paragraph 14, the same are denied.

15.

Defendant Officers assert that Paragraph 15 contains no factual allegations against Defendant Officers; therefore, no response is required. To the extent that Plaintiff seeks to impose or imply liability against Defendant Officers by asserting the allegations contained in Paragraph 15, the same are denied.

16.

Defendant Officers admit the allegations contained in Paragraph 16.

17.

Defendant Officers admit the allegations contained in Paragraph 17.

18.

Defendant Officers admit they asked Plaintiff to come out of the attic and show them his hands.

19.

Defendant Officers deny the allegations contained in Paragraph 19.

20.

Defendant Officers deny the allegations contained in Paragraph 20.

21.

Defendant Officers deny the allegations contained in Paragraph 21.

22.

Defendant Officers assert that Paragraph 22 contains no factual allegations against Defendant Officers; therefore, no response is required. To the extent that Plaintiff seeks to impose or imply liability against Defendant Officers by asserting the allegations contained in Paragraph 22, the same are denied.

23.

Defendant Officers deny the allegations contained in Paragraph 23.

24.

Defendant Officers assert that Paragraph 24 contains no factual allegations against Defendant Officers; therefore, no response is required. To the extent that

Plaintiff seeks to impose or imply liability against Defendant Officers by asserting the allegations contained in Paragraph 24, the same are denied.

25.

Defendant Officers admit the allegations contained in Paragraph 25.

26.

Defendant Officers assert that Paragraph 26 contains no factual allegations against Defendant Officers; therefore, no response is required. To the extent that Plaintiff seeks to impose or imply liability against Defendant Officers by asserting the allegations contained in Paragraph 26, the same are denied.

27.

Defendant Officers assert that Paragraph 27 references a public record which speaks for itself. To the extent that Plaintiff seeks to impose or imply liability against the Defendant Officers by asserting the allegations contained in Paragraph 27, the same are denied.

28.

Defendant Officers assert that Paragraph 28 references a public record which speaks for itself. To the extent that Plaintiff seeks to impose or imply liability against Defendant Officers by asserting the allegations contained in Paragraph 28, the same are denied.

29.

Defendant Officers assert that Paragraph 29 references a public record which speaks for itself. To the extent that Plaintiff seeks to impose or imply liability against Defendant Officers by asserting the allegations contained in Paragraph 29, the same are denied.

30.

Defendant Officers assert that Paragraph 30 references a public record which speaks for itself. To the extent that Plaintiff seeks to impose or imply liability against Defendant Officers by asserting the allegations contained in Paragraph 30, the same are denied.

31.

Defendant Officers assert that Paragraph 31 references a public record which speaks for itself. To the extent that Plaintiff seeks to impose or imply liability against Defendant Officers by asserting the allegations contained in Paragraph 31, the same are denied.

32.

Defendant Officers assert that Paragraph 32 references a public record which speaks for itself. To the extent that Plaintiff seeks to impose or imply liability against Defendant Officers by asserting the allegations contained in Paragraph 32, the same are denied.

33.

Defendant Officers deny the allegations contained in Paragraph 33.

34.

Defendant Officers deny the allegations contained in Paragraph 34.

35.

Defendant Officers deny the allegations contained in Paragraph 35.

36.

Defendant Officers deny the allegations contained in Paragraph 36.

37.

City Defendants deny the allegations contained in Paragraph 37.

38.

Defendant Officers deny the allegations contained in Paragraph 38.

39.

Defendant Officers deny the allegations contained in Paragraph 39.

40.

Defendant Officers deny the allegations contained in Paragraph 40.

41.

Defendant Officers deny the allegations contained in Paragraph 41.

## THEORIES OF RECOVERY

### Fourth Amendment Claim Under Section 1983

42.

Defendant Officers deny the allegations contained in Paragraph 42.

43.

Defendant Officers state that paragraph 43 contains a legal conclusion requiring no response by Defendant Officers. To the extent that the legal recitations are intended to impute liability upon Defendant Officers, the same are denied.

44.

Defendant Officers state that paragraph 44 contains a legal conclusion requiring no response by Defendant Officers. To the extent that the legal recitations are intended to impute liability upon Defendant Officers, the same are denied.

45.

Defendant Officers state that paragraph 45 contains a legal conclusion requiring no response by Defendant Officers. To the extent that the legal recitations are intended to impute liability upon Defendant Officers, the same are denied.

46.

Defendant Officers state that paragraph 46 contains a legal conclusion requiring no response by Defendant Officers. To the extent that the legal recitations are intended to impute liability upon Defendant Officers, the same are denied.

47.

Defendant Officers deny the allegations contained in Paragraph 47.

48.

Defendant Officers deny the allegations contained in Paragraph 48.

### **Municipal Liability Claim Under Section 1983**

49.

Defendant Officers deny the allegations contained in Paragraph 49.

50.

Defendant Officers deny the allegations contained in Paragraph 50.

51.

Defendant Officers deny the allegations contained in Paragraph 51.

52.

Defendant Officers deny the allegations contained in Paragraph 52.

## **Pendent State Tort Claims**

53

Defendant Officers deny the allegations contained in Paragraph 53.

54.

Defendant Officers deny the allegations contained in Paragraph 54.

55.

Defendant Officers deny the allegations contained in Paragraph 55.

56.

Defendant Officers deny the allegations contained in Paragraph 56.

## **DAMAGES**

57.

Defendant Officers deny the allegations contained in Paragraph 57.

58.

Defendant Officers deny the allegations contained in Paragraph 58.

59.

Defendant Officers deny the allegations contained in Paragraph 59.

60.

Defendant Officers deny the allegations contained in Paragraph 60.

**WHEREFORE,** any other allegation contained in Plaintiffs' Complaint and any subparagraph or subpart, whether numbered or unnumbered, which is not specifically responded to in this Answer, is specifically denied by Defendant Officers. Defendant Officers deny that they are liable to Plaintiffs in any manner or that Plaintiffs are entitled to any relief as prayed for in paragraphs (a) through (e) of Plaintiffs' prayer.

**WHEREFORE**, having fully answered Plaintiffs' Complaint within the time allowed by law, Defendant Officers respectfully request:

a. that all of Plaintiffs' prayers for relief be denied;

b. that the action against the Defendant Officers be dismissed;

c. that all costs incurred by the Defendant Officers to defend this action be cast upon the Plaintiffs; and

d. any such other relief as the Court deems proper.

### CERTIFICATION

Counsel for Defendant Officers certifies that this pleading has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R.5.1(C).

Respectfully submitted this 1st day of July, 2013.

                                                */s/Veronica L. Hoffler*
                                                Robert N. Godfrey
                                                Chief Counsel
                                                Georgia Bar No. 298550


                                              Tamara N. Baines
Sr. Assistant City Attorney
Georgia Bar No. 032460
LaShawn W. Terry
Sr. Assistant City Attorney
Georgia Bar No. 702578
Veronica L. Hoffler
Assistant City Attorney
Georgia Bar No. 358799

City of Atlanta Law Department
68 Mitchell Street, SW, Suite 4100
Atlanta, GA 30303
(404) 330-6996 (telephone)
(404) 739-3340 (facsimile)
vlhoffler@atlantaga.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHAUNCEY POPE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION CASE NO: |
| | ) | 1:13-CV-01848-JOF |
| v. | ) | |
| | ) | |
| THE CITY OF ATLANTA, | ) | |
| JAMES CUNNINGHAM (a/k/a | ) | |
| Jason Cunningham), LI WONG | ) | |
| PAUL MERRITT and BRANDON | ) | |
| HAMBERGER, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF FILING

I hereby certify that on July1, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

                                               */S/ VERONICA L. HOFFLER*
                                               **VERONICA L. HOFFLER**
                                               Assistant City Attorney
                                               Georgia Bar No. 358799

**CITY OF ATLANTA LAW DEPARTMENT**
68 Mitchell Street, SW, Suite 4100
Atlanta, GA 30303
(404) 330-6996 (telephone)
(404) 739-3340 (facsimile)
vlhoffler@atlantaga.gov