## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **CHAUNCEY POPE,** | * | |
| | * | |
| **Plaintiff,** | * | **CIVIL ACTION FILE NO.** |
| | * | **1:13-cv-01848-JOF** |
| **v.** | * | |
| | * | |
| **JAMES CUNNINGHAM (a/k/a** | * | |
| **Jason Cunningham), LI WONG,** | * | |
| **PAUL MERRITT and BRANDON** | * | |
| **HAMBERGER,** | * | |
| | * | |
| **Defendants.** | * | |

### FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Chauncey Pope, and hereby amends his Complaint against Defendants so as to now read as follows:

### INTRODUCTION

1.

This is a 42 U.S.C. §1983 action brought under the Fourth Amendment to the United States Constitution arising from the use of excessive force against him by the Defendant police officers. Plaintiff contends that Defendants are not only liable for their own participation in the use of excessive force, but also for their failure to

intervene to protect Plaintiff from the use of excessive force by fellow Defendants in their presence.  Plaintiff has also asserted pendent state law claims of battery, negligence, and violation of the Georgia Constitution.[1]

## JURISDICTION AND VENUE

2.

This action is brought pursuant to 42 U.S.C. §§1983 and 1988, as well as the Fourteenth Amendment of the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §1331, §1343, and the aforementioned constitutional and statutory provisions.  Plaintiffs further invoke the pendent or supplemental jurisdiction of this Court to decide claims arising under state law pursuant to 28 U.S.C. §1367.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and N.D.L.R. 3.1B(3) because the event giving rise to this claim occurred in Fulton County, Georgia, which is situated within the district and divisional boundaries of the Atlanta Division of the Northern District of Georgia, and because one or more of the Defendants reside

---

[1] The original Complaint (Doc. 1) asserted a claim against the City of Atlanta that was dismissed by the Court (Doc. 20), and that claim is not restated in this amendment. Plaintiff expressly reserves, and does not waive, the right to appeal the dismissal of his claim against the City under the authority of *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, (11th Cir. 1999). ("[W]e do not require a party to replead a claim following a dismissal under Rule 12(b)(6) to preserve objections to the dismissal on appeal.") *Id*. at 1191 n.5.

within said District and Division.

4.

All of the parties herein are subject to the jurisdiction of this Court.

**PARTIES**

5.

Plaintiff Chauncey Pope is a citizen of the United States and a resident of the state of Georgia.

6.

Defendant James Cunningham (also referred to in police reports as Jason Cunningham) is an individual who was, at all times relevant herein, a police officer employed by Defendant City of Atlanta who acted within the scope of his employment by and pursuant to the policies and procedures of the Atlanta Police Department.

7.

Defendant Li Wong is an individual who was, at all times relevant herein, a police officer employed by Defendant City of Atlanta who acted within the scope of his employment by and pursuant to the policies and procedures of the Atlanta Police Department.

8.

Defendant Paul Merritt is an individual who was, at all times relevant herein, a

police officer employed by Defendant City of Atlanta who acted within the scope of his employment by and pursuant to the policies and procedures of the Atlanta Police Department.

9.

Defendant Brandon Hamberger is an individual who was, at all times relevant herein, a police officer employed by Defendant City of Atlanta who acted within the scope of his employment by and pursuant to the policies and procedures of the Atlanta Police Department.

10.

At all times relevant herein, the above named Defendants acted under color of state law.

**FACTUAL ALLEGATIONS**

11.

On June 15, 2011, Plaintiff Chauncey Pope was visiting a house at 551 Sunset Avenue NW in Atlanta, Georgia when Defendants and other police officers arrived to execute a search warrant.

12.

The warrant being executed, which was ultimately determined by a court to be invalid, had been requested by the Peachtree City police as part of an investigation of

break-ins in that city, and the purpose of the search was to look for stolen property or evidence that might connect that house and its occupants to the Peachtree City crimes.

13.

When the police arrived at the house at approximately noon, Pope and his friend Sean were upstairs on the computer when they heard a loud noise downstairs and then his friend Antonio saying "don't shoot me, don't shoot me."

14.

Pope did not hear anyone say "police" or "search warrant," and because they did not know what was happening, he and Sean hid in an attic crawl space.

15.

Defendants Cunningham, Wong, Merritt and Hamberger were members of the Atlanta Police Department's SWAT team who were there to assist with the execution of the warrant.

16.

 Said Defendants went upstairs while other officers searched the first floor, and when they realized that someone was hiding in the attic crawl space, the Defendant officers put tear gas into the attic in an attempt to flush out them out.

17.

When Pope did not come out of the crawl space, Defendants shouted "come on

motherfucker" and "show me your hands."

18.

One of the officers, believed to be Defendant Cunningham, located Pope in the crawl space and handcuffed him while he was face down on the floor.

19.

Once Pope was handcuffed, said officer struck Pope in the left eye and put the eye out.

20.

Defendant Cunningham admits that he struck Pope in the face with his fist, but Pope believes that he was struck with the butt of a gun or a similarly hard object.

21.

There was no justification for Cunningham or any other Defendant officer to strike Pope in the face with a fist or weapon of any kind.

22.

The other Defendants then kicked Pope in the back of the head, dragged him across the floor by his dreadlocks, and threw him down the stairs.

23.

There was no justification for any of the Defendants to strike or kick Pope, to drag him by his hair, to throw him down the stairs, or to otherwise use force against

him in the course of executing a search warrant at a house he was visiting.

24.

Collectively the Defendants all used excessive force against Pope, not only by their own actions but by aiding and abetting one another in the use of excessive force against Pope.

25.

Each Defendant not only participated in the use of excessive force, but they acquiesced in the use of excessive force by other Defendants by failing to intervene to protect Pope from being subjected to excessive force in their presence.

26.

Once it became apparent that Pope's eye had been injured, one or more other officers on the scene administered first aid and called an ambulance.

27.

Pope told the paramedics, as well as the doctors at the hospital where he was transported, that an officer had struck him in the eye with a gun.

**THEORIES OF RECOVERY**

**<u>Fourth Amendment Claim Under Section 1983</u>**

28.

The aforementioned misconduct of Defendants Cunningham, Wong, Merritt and

Hamberger toward Pope constituted an unreasonable search and seizure and an unlawful use of excessive force in violation of the Fourth Amendment of the United States Constitution.

29.

The law was clearly established in June 2011 that police officers should not enter a home to execute a search warrant without announcing their presence and purpose either before entry or, in the case of a no-knock warrant, during entry.

30.

The law was clearly established in June 2011 that a police officer should not use force against an unarmed and nonviolent person during the execution of a search warrant or other encounter between police and a free citizen at liberty, and in any event the force used must be reasonable in view of the threat posed by the citizen.

31.

The law was clearly established in June 2011 that a police officer should not use gratuitous and unnecessary force against a suspect who is already subdued or restrained.

32.

The law was clearly established in June 2011 that a police officer should not strike a suspect in the head, which has the capacity to cause death or serious bodily

harm such as the loss of an eye, unless the suspect poses an imminent threat to human life.

33.

The law was clearly established in June 2011 police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen. *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *Bruner v. Dunaway*, 684 F.2d 422, 425-26 (6th Cir. 1982), *cert. denied*, 459 U.S. 1171 (1983). It is also clearly established "that an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's [unconstitutional conduct], can be held liable for his nonfeasance." *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341-42 (11th Cir. 2007); *accord, Bailey v. City of Miami Beach*, 476 Fed. Appx. 193, 196-197 (11th Cir. 2012); *Priester v. City of Riviera Beach*, 208 F.3d 919, 926-28 & n.6 (11th Cir. 2000).

34.

Defendants Cunningham, Wong, Merritt and Hamberger are not entitled to qualified immunity because they violated one or more principles of clearly established law under the Fourth Amendment.

35.

Accordingly, Defendants Cunningham, Wong, Merritt and Hamberger are liable

under 42 U.S.C. §1983 for violating Plaintiff Pope's Fourth Amendment rights.

**Pendent State Tort Claims**

36.

The aforementioned conduct of Defendants Cunningham, Wong, Merritt and Hamberger also constitute battery and/or negligence under Title 51 of the Official Code of Georgia Annotated, as well as abuse during the course of an arrest in violation of Art. I, Sec. I, Par. 17 of the Georgia Constitution.

37.

Because said Defendant officers acted with actual malice, and with specific intent to injure or commit a wrongful act, they are not entitled to official immunity under Georgia law.

38.

Alternatively, said Defendant officers are not entitled to official immunity under Georgia law to the extent they acted outside the scope of their permissible authority and were thus engaged in negligent or tortious conduct in the performance of a ministerial duty.

39.

Accordingly, Defendants Cunningham, Wong, Merritt and Hamberger are liable to Plaintiff Pope for battery, negligence, and/or abuse in violation of the Georgia

Constitution.

## DAMAGES

### 40.

As a direct and proximate result of the above described conduct of Defendants, Plaintiff Chauncy Pope has been deprived of his constitutional rights, has been subjected to extreme physical and mental pain and suffering, and has been forced to incur substantial medical expenses, which is expected to continue into the future.

### 41.

Defendants are liable to Plaintiff for all of the foregoing injuries and damages in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

### 42.

The aforementioned conduct of Defendants Cunningham, Wong, Merritt and Hamberger amounted to such conscious indifference and reckless disregard for the consequences as to also authorize the imposition of punitive damages against said Defendant officers.

### 43.

Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation from Defendants.

**WHEREFORE**, Plaintiff demands the following:

a)      That this action be tried by a jury;

b)      That judgment be entered in favor of Plaintiff and against Defendants

in an amount to be determined by the enlightened conscience of fair

and impartial jurors to the extent allowed by law;

c)      That Plaintiff be awarded reasonable attorney's fees and expenses;

d)      That all costs of this action be taxed against Defendants; and

e)      That the Court award any additional or alternative relief as may be

deemed appropriate under the circumstances.

Respectfully submitted this 10th day of December, 2013.

/s/ Craig T. Jones
CRAIG T. JONES
Ga. Bar No. 399476
Attorney for Plaintiff

THE FEDERAL FIRM, LLC
2 Ravinia Drive, N.E.
Suite 1776
Atlanta, GA  30346
(678) 443-4044
craig@fedfirm.com